## ALEXANDER CAMPBELL *vs.* AUGUSTIN S. BEMIS.

A writ of entry to foreclose a mortgage cannot be maintained against the mortgagor alone after his estate has been conveyed to a third person, and by him conveyed, since the *Sts.* of 1845, *c.* 208, and 1855, *c.* 304, to the mortgagor's wife to her sole and separate use; although the mortgagor has continued to occupy the premises with his wife and family, providing for their support and maintenance.

WRIT OF ENTRY, dated June 21st 1858, to foreclose a mortgage of a house and land in Boston. Plea, nul disseisin, with a specification of defence that at the time of the suing out of the writ and ever since the defendant had no estate in, or claim to, or possession of, the premises.

At the trial in the superior court of Suffolk at May term 1859, the following facts were proved or admitted : On the 1st of October 1856, the demanded premises were conveyed by the plaintiff to the defendant in fee, and were mortgaged back by the mortgage declared on, in which the defendant's wife joined in release of rights of dower and homestead. On the 1st of October 1857 the defendant's wife paid to the plaintiff the money then due on the mortgage, and took an agreement from him that, on the payment of the rest of the mortgage debt, he would assign the mortgage to her. On the 1st of April 1858 the defendant took the benefit of the insolvent laws, on the 13th an assignment was made of his estate, and on the 21st of April 1858 his assignee conveyed the demanded premises, subject to the mortgage, to the defendant's wife, to her sole and separate use, free from the interference or control of her husband. At the time of the execution of the deed from the plaintiff to the defendant and of the mortgage back, the plaintiff moved into the house with his wife and family, and resided there constantly ever since, providing for their support and maintenance.

Upon this evidence, *Nash,* J. ruled that the plaintiff was entitled to a conditional judgment and directed a verdict for him, and the defendant alleged exceptions.

*J. L. English,* for the defendant.

*J. P. Healy,* for the plaintiff. This is an action for possession, and may be maintained against the tenant of the freehold, or whomsoever has the actual possession and withholds it from the plaintiff; and a mortgagor may always be joined as a defendant. Gen. Sts. *c.* 140, § 8. *Hunt* v. *Hunt,* 17 Pick. 118. *Wheelwright* v. *Freeman,* 12 Met. 154. The defendant, when he took possession, entered as tenant of the freehold, and has never surrendered that possession to any person, but has continued to hold it to the present time.

BIGELOW, C. J. Under the plea of nul disseisin, accompanied by a notice that the defendant relied upon a special matter in defence of nontenure and disclaimer of all estate in or claim to the possession of the demanded premises at the time of the commencement of the action, the plaintiff could not recover, unless he could show that when the action was brought the defendant might have been rightly regarded as tenant of the freehold. *Wheelwright* v. *Freeman,* 12 Met. 154. *Johnson* v. *Phillips,* 13 Gray, 198. This must be so, because it is clear that the action could not be maintained against the defendant alone on the ground that he was the original mortgagor, inasmuch as he had parted with all his estate in the premises. In such case he was only liable to be "joined" as a defendant with the tenant of the freehold under the Rev. Sts. *c.* 107, § 8. Nor could he be treated as tenant of the freehold by disseisin, because there was no evidence in the case of any demand for possession of the premises of the defendant, or that the estate was withheld by him from the plaintiff.

Was he then tenant of the freehold by virtue of his possession when the action was brought? Upon the facts in proof it appeared that the right to redeem the premises had become vested in the wife of the defendant by a conveyance in fee to her sole and separate use, free from the interference and control of her husband; and that after this conveyance, and up to the time of the commencement of this action, the defendant had continued to occupy the estate with his wife and family in the same manner as he did before the right to redeem

the premises passed from him to his assignee in insolvency. In ordinary cases, as possession is presumed to follow title, the legal inference would be, where a grantor and grantee are both in possession at the time of a grant, that on a change of title the possession of the premises passed to the owner of the estate. In other words, when a person in occupation of an estate conveys it to another, who is also in occupation of the premises, the legal presumption would be, in the absence of proof, that after the conveyance the grantee became tenant of the freehold, and the continued possession of the grantor would be deemed to be permissive and in the right of the legal owner of the estate. If the principle is applicable to the present case, it would follow that the defendant was not in any sense tenant of the freehold; but that he occupied the premises solely in the right of, and by consent of, his wife, in whom the legal title was vested. Taking into view the provisions of our statutes concerning the tenure by which married women hold lands conveyed to them for their sole and separate use, we can see no reason why the case does not fall within this principle. By the *Sts.* of 1845, *c.* 208, § 5, and 1855, *c.* 304, the wife was capable of holding the estate to her sole and separate use, free from the interference and control of her husband, and it was not subject to the disposal of the husband. She had power to make contracts respecting it in her own name, to lease it for a term not exceeding one year, without the assent of her husband, and generally to exercise the same rights and powers in respect to it " as if she held the same, being unmarried." Her husband had no control over it, or power of disposing of it, and no interest in it, except an inchoate right of tenancy by the curtesy, which gives him no claim of personal possession. She must therefore be regarded as tenant of the freehold, and his possession must be deemed to be permissive only, subject to the right and interest of his wife as owner of the fee. *Beal* v. *Warren,* 2 Gray, 447, 458. *Conant* v. *Warren,* 6 Gray, 562.

*Exceptions sustained.*